UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                v.                          **Hon. Hugh B. Scott**

10CR25A

**ORDER**

Eric J. Humphrey,
Charles M. Humphrey, Jr.,
James Humphrey, Jr.,
John E. Humphrey,
and Anthony Taylor

                       Defendants.

The defendants have requested a hearing under Franks v. Delaware, 438 U.S. 154 (1978), claiming that there was a material factual omission or misrepresentation as to the necessity for eavesdroping warrants in the applications for those warrants.

Generally, a hearing under Franks is warranted if a defendant makes a substantial preliminary showing: (1) that the warrant affidavit includes a false statement or material omission; (2) that the allegedly false statement was made knowingly and intentionally or with reckless disregard for the truth; and (3) that the allegedly false statement is necessary to a finding

1

of probable cause.[1] Franks, 438 U.S. at 171. However, the necessity element is a separate and distinct element in the consideration of an application for an eavesdrop warrant. 18 U.S.C. §§2518(3)(a) and (b). See United States v. Mitchell, 274 F.3d 1307 (10th Cir. 2001); United States v. Zapara-Nernandez, 2006 WL 954838 (D. Colo. 2006). Franks hearings have been held as to whether there were any material omissions or misrepresentations as to necessity in the warrant applications. See United States v. Rajaratnam, 2010 WL 4867402 (S.D.N.Y. 2010); United States v. Green, 175 F.3d 822, 828 (10th Cir.1999) ("If a wiretap affidavit omits material information that would vitiate either the necessity or the probable cause requirements had it been included, the resultant evidence must be suppressed."); United States v. Ippolito, 774 F.2d 1482, 1485 (9th Cir.1985) ("[A]lthough Franks dealt specifically with probable cause, its reasoning applies [to Title III's necessity requirement] as well ...."); United States v. Sanchez-Flores, 1995 WL 765562, at *5 (S.D.N.Y. Dec. 29, 1995) (applying Franks to determine whether the government misled the court about the need for a wiretap); see also United States v. Heilman, 2010 WL 1583097, at *12 (3d Cir. Apr. 21, 2010) (while choosing not to decide the question, observing that "most appellate courts have held that Franks hearings are also appropriate when a defendant is challenging whether there are false statements or omissions in an affidavit for a wiretap application that speak to the necessity requirement"). Thus, as to the necessity element, a Franks hearing is appropriate where a defendant makes a substantial preliminary showing: (1) that the warrant affidavit includes a false statement or material omission; (2) that the allegedly

---

[1] In the instant case, the defendants do not challenge the existence of probable cause as to any of the warrants at issue. (Docket No. 62 at page 1). Instead, the defendants challenge whether the government met its burden to establish the necessity required for the issuance of an eavesdrop warrant.

false statement was made knowingly and intentionally or with reckless disregard for the truth; and (3) that the allegedly false statement is necessary to a finding of necessity.

To have misled knowingly or recklessly, the government must have done more than make an intentional decision not to include the information. Instead, the misleading statement or omission must have been "designed to mislead" or "made in reckless disregard of whether [it] would mislead." United States v. Awadallah, 349 F.3d 42, 68 (2d Cir.2003) (quoting United States v. Colkley, 899 F.2d 297, 300-01 (4th Cir.1990) (formatting normalized)). The meaning of recklessness is not "self-evident." United States v. Mandell, 710 F.Supp.2d 368, 373 (S.D.N.Y.2010). The Supreme Court in Franks did not define the term "reckless disregard" other than to state that "[a]llegations of negligence or innocent mistake are insufficient." Franks, 430 U.S. at 171. Similarly, it does not appear that the Second Circuit conclusively defined "reckless disregard." United States v. Perez, 247 F.Supp.2d 459, 473 (S.D.N.Y.2003). Nevertheless, "most circuits that have considered the question have embraced a subjective test for recklessness." United States v. Vilar, 2007 WL 1075041, at *26 (S.D.N.Y. Apr. 4, 2007) (Karas, J.). Under that test, the question is not what a reasonably prudent person would have appreciated given the attendant circumstances, but rather whether the individual in fact entertained serious doubts as to the truth of the subject statements. United States v. Kunen, 323 F.Supp.2d 390, 395 (E.D.N.Y.2004); see also Vilar, 2007 WL 1075041, at *26 ("[O]ne 'recklessly disregards' the truth when one makes allegations while entertaining serious doubts about the accuracy of those allegations."). Indeed, numerous lower courts in this Circuit have employed the "serious doubts" language. See Mandell, 710 F.Supp.2d at 373; Vilar, 2007 WL 1075041, at *26; United States v. Harper, 2006 WL 2873662, at *8 (W.D.N.Y. Oct. 6, 2006); United States v. Goldenberg, 2006

WL 266564, at *4 (S.D.N.Y. Feb. 3, 2006); Perez, 247 F.Supp.2d at 473, 479; United States v. Markey, 131 F.Supp.2d 316, 324 (D.Conn.2001); Kunen, 323 F.Supp.2d at 395. Other Courts of Appeals have used the same language. See United States v. Butler, 594 F.3d 955, 961 (8th Cir.2010); United States v. Lowe, 516 F.3d 580, 584 (7th Cir.2008); Miller v. Prince George's County, Md., 475 F.3d 621, 627 (4th Cir.2007); United States v. Ranney, 298 F.3d 74, 78 (1st Cir.2002); Wilson v. Russo, 212 F.3d 781, 788 (3d Cir.2000); Hart v. O'Brien, 127 F.3d 424, 449 (5th Cir.1997), abrogated in part on other grounds by Kalina v. Fletcher, 522 U.S. 118 (1997); Beard v. City of Northglenn, Colo, 24 F.3d 110, 116 (10th Cir.1994).

While the test for recklessness may be subjective, it is not wholly so and there are objective aspects to its application. Thus, "[t]here is a corollary to the 'serious doubt' standard: 'Because states of mind must be proved circumstantially, a fact finder may infer reckless disregard from circumstances evincing 'obvious reasons to doubt the veracity of the allegations.'" Perez, 247 F.Supp.2d at 473 (quoting United States v. Whitley, 249 F.3d 614, 621 (7th Cir.2001)); see also United States v. Schmitz, 181 F.3d 981, 986-87 (8th Cir.1999); Ranney, 298 F.3d at 78; Beard, 24 at 116; Vilar, 2007 WL 1075041, at *27; Markey, 131 F.Supp.2d at 324. Hence, as to any misstatements, the defendants must prove either that "(1) the drafters of the affidavit made [a false statement] with knowledge that the statement was false, (2) they had a serious doubt as to the truth of the statement when they made it, or (3) they had obvious reason to doubt the veracity of the statement." Perez, 247 F.Supp.2d at 474 (emphasis added).

In the instant case, the defendants contend that the applications used boilerplate language that did not fully and completely inform the issuing judges of the adequacy of traditional law enforcement mechanisms available to the agents investigating the defendants. The defendants

also point to the language in the supporting affidavits suggesting that surveillance on the East Side of Buffalo is impossible. For example, in this regard the Affidavit of Michael Hill (Docket No. 50 at Exhibit D) states as to physical surveillance:

> Physical surveillance, though valuable in identifying some activities of the subjects, such as meetings, can only lead investigators to speculate as to the purpose of these activities and cannot conclusively establish all elements of the offenses or identify all of the conspirators. It should be noted that in this investigation Eric Humphrey, Charles Humphrey and their associates conduct much of their criminal activities on the East Side of the City of Buffalo. This area of the East Side of Buffalo is virtually impossible to surveil adequately and safely by law enforcement without being spotted by lookouts and/or other associates of both Humphreys. (Docket No. 50 , Exhibit A at ¶ 66)

The affidavit does not define the geographic scope of the "area of the East Side of Buffalo" which is at issue; does not identify any particular streets or section of the East Side of Buffalo as difficult to conduct surveillance; and the affidavit does not provide any specific factual basis for this conclusion. Thus, questions may exist as to the accuracy of the representations as to the impossibility of physical surveillance. In addition, the supporting affidavit contains significant portions of boilerplate language relating to necessity.

The Court concludes that further argument is necessary as to whether a <u>Franks</u> hearing is warranted in this case. In connection with their application for a hearing, the defendants have requested production of both the progress reports and the surveillance reports involved in this case. The defendants have not demonstrated any nexus between the progress reports and the issue of necessity as presented to the judges issuing the warrants. This request is denied. The surveillance reports up to the dates of the eavesdrop warrant applications may be relevant to the issue of necessity. The Court directs that the government produce copies of the surveillance reports existing up to the dates of the respective warrant applications within 10 days of the date

of this Order.

Continued oral argument as to the Franks issue, as well as the other issues set forth in the respective omnibus motions, shall take place on March 16, 2011 at 10:00 a.m. before the undersigned.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
February 17, 2011