UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

                              **Hon. Hugh B. Scott**

         v.                        10CR25A

                              **ORDER**

Eric J. Humphrey, Charles M. Humphrey, Jr.,
James Humphrey, Jr., John E. Humphrey,
and Anthony Taylor
                    Defendants.

      Included in the various motions pending before the Court in this case, are motions to quash various subpoenas served by defense counsel upon the DEA Records Custodian; DEA Special Agent Michael Hill, Task Force Officer Laura Pittorf and the Custodian of Records for the Erie County District Attorney's Office ("District Attorney"). (Docket Nos. 82, 83 and 86). The subpoenas seek documents the defendants assert are relevant to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

      Initially, the defendants challenged the standing of the United States to move to quash the subpoenas served upon the DEA, certain individual agents and the District Attorney. (Docket No. 85 at page 2.). The Court directed that the government address the standing issue. (Docket No. 88) and the government filed supplemental papers. (Docket No. 90). The defendants also responded with supplemental filings. (Docket No. 91). The government asserts that it has standing to move to quash a subpoena served upon a third party when its "legitimate interests" are affected by the subpoena. In United States v. Chen De Yian, 1995 WL 614563

1

(S.D.N.Y.,1995), the Court held that:

> in some circumstances a party has standing to quash a subpoena issued against a third party if it can show it has a legitimate interest. For example, a party has a legitimate interest in quashing a subpoena issued against a witness if it is "based 'upon [the party's] interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [the witness's] credibility.'" United States v. Giampa, 1992 WL 296440, at *1 (S.D.N.Y. Oct. 7, 1992) ... ; United States v. Orena, 883 F. Supp. 849, 869 (E.D.N.Y. 1995) (citing Giampa). In addition, a party has standing if the motion to quash is based on "a claim of privilege or a proprietary interest in the subpoenaed material." See, e.g., United States v. Reyes, 1995 WL 412576, at *2-*3 (S.D.N.Y. July 12, 1995)

Chen De Yian, 1995 WL 614563 at *2.

The Court in Chen De Yian also cited to United States v. Cherry, 876 F. Supp. 547, 551 (S.D.N.Y. 1995) in which held that Rule 16(a)(2) bars disclosure of reports generated by local law enforcement agents even when such reports were generated as part of an independent investigation and even when such reports are subpoenaed pursuant to Rule 17(c). As noted in Chen De Yian, although the Court in Cherry did not consider standing because the entities upon which the subpoena were served joined in the motion to quash, the rationale articulated in Cherry supports a finding of standing even where the parties served with the subpoenas did not move to quash. The Court reasoned:

> The "underlying principle is the 'work product' doctrine, originally articulated by the Supreme Court as a bar to discovery in civil litigation, ... but later characterized as playing an 'even more vital' role 'in assuring the proper functioning of the criminal justice system.'" Cherry, 876 F. Supp. at 551 (citing Hickman v. Taylor, 329 U.S. 495 (1947); United States v. Nobles, 422 U.S. 225, 238 (1975)).

Chen De Yian, 1995 WL 614563 at *2. Thus, in Chen De Yian the Court held that inasmuch as

Rule 16(a)(2) may bar discovery of reports generated by local law enforcement agents, the government has a legitimate interest, and, therefore, standing to move to quash the subpoena. Chen De Yian, 1995 WL 614563 at *2. In the instant case, the defendants acknowledge that the government may move to quash a subpoena served upon a third party where there is a viable claim of privilege. (Docket No. 91 at page 2). See also United States v. Vasquez, 258 F.R.D. 68 (E.D.N.Y.,2009)(regardless of the parties' standing, the Court has an independent duty to review the propriety of the subpoena – a duty in this case that requires the Court to consider whether the documents sought are privileged and whether the subpoena itself comports with the requirements of Rule 17); United States v. Weissman, 2002 WL 31875410, at *1 n. 1 (S.D.N.Y. Dec.26, 2002)(noting that "[r]egardless of the government's standing, the court has a duty to ensure that subpoenas are issued only for proper purposes and that they are in compliance with Rule 17."); United States v. Khan, 2009 WL 152582, at *6 (E.D.N.Y. Jan.20, 2009)(same).

Here, the government asserts that inasmuch as the subpoenas were served upon the DEA, Hill, and Pittorf, the agents involved in the underlying investigation and the District Attorney seeking documents relating to an application for an eavesdrop warrant in this case (Docket No. 90 at pages 4-8) and that the subpoenas seek documents and information that would be privileged material (Docket No. 90 at page 9). The government also notes that the District Attorney has expressly requested the United States Attorney's Office to bring a motion to quash the subpoena served upon the District Attorney. (See letter from Assistant District Attorney Mary Beth DePasquale dated May 19, 2011; Docket No. 86-1).

Inasmuch as the government has demonstrated that its legitimate interest in the underlying prosecution may be affected by the subpoenas and that the material sought may be

3

subject to a privilege, the government has standing to bring the instant motions to quash. Notwithstanding, for the following reasons, the Court has determined that a continued hearing is necessary to address the merits of the respective motions to quash.

Oral argument was heard on June 21, 2011 with respect to the respective motions to quash. At that time, as well as in the government's papers, the prosecution has emphasized that the motions to quash should be granted because no documents exist which are responsive to the subpoenas. (See Docket No. 82-1 at ¶ 3; Docket No. 86 at ¶ 3; Docket No. 90 at page 5).  During argument on June 21, 2011, however, Joseph Latona, Esq., counsel for one of the moving defendants, represented that he had spoken with Assistant District Attorney Mary Beth DePasquale and that ADA DePasquale represented to Latona that responsive documents *do* exist (i.e. an affidavit used in a prior case as well as certain DEA-6 reports).  The government has responded that any such documents would have already been provided to the defendants in prior discovery.  Inasmuch as the specific documents allegedly referred to by ADA DePasquale have not been identified, the Court is not in a position to determine whether, in fact, (1) any responsive documents exist; and (2) whether such documents have already been produced. The government, as the movant, has the burden to establish that responsive documents do not exist, or that if responsive documents do exist, that there is some other basis to preclude enforcement of the subpoenas. See In re Rule 45 Subpoena Issued to Cablevision Systems Corp., 2010 WL 2219343 (E.D.N.Y.,2010)(The movant bears the burden of persuasion in a motion to quash).  It may be necessary for the government to call, as witnesses in this regard, the record custodians and/or other individuals upon whom the respective subpoenas were served, or the individuals personally responsible for the drafting of the warrant applications and affidavits underlying the instant

motion.

Similarly, to the extent that any such documents do exist, with respect to the government's representation that such documents would be privileged, the government has not presented a privilege log stating the specific basis for any privilege asserted.

In light of the above, an evidentiary hearing with respect to these issues shall take place on July 18, 2011 at 2:00 p.m. before the undersigned.

So Ordered.

                                                      /s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
June 21, 2011