**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                  **v.**                      **10-CR-00025A(Sr)**

**ERIC J. HUMPHREY, et al.,**

        **Defendants.**
_____

## DECISION AND ORDER

        This case was referred to the Hon. Hugh B. Scott by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #2.  Thereafter, Magistrate Judge Scott issued an Order of Recusal in the case as to all defendants (Dkt. #131) and Judge Arcara referred the case to the undersigned, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #133.

## PRELIMINARY STATEMENT

        The defendants, Eric J. Humphrey, Charles M. Humphrey, Jr., James Humphrey, Jr., John E. Humphrey and Anthony Taylor are charged in a one-count indictment with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and to manufacture, possess with intent to distribute, and to distribute, 50 grams or more of cocaine base in violation of Title 21, United States Code, Sections  846.  Dkt. # 1.  The defendants each also face forfeiture allegations. _Id_.  Defendants Charles M. Humphrey, Jr., John E. Humphrey, Eric J. Humphrey and

Anthony Taylor have filed dispositive and non-dispositive motions. *See* Dkt. ##50

(Charles Humphrey), 57 (John E. Humphrey), 60 (Eric J. Humphrey), 69 (Charles

Humphrey (supplemental motion), 113 (Anthony Taylor). The government filed

responses to the instant motions. Dkt. ##61, 70. Oral argument was held before

Magistrate Judge Hugh B. Scott on February 16, 2011 and March 16, 2011.


With respect to defendants' motion to suppress the evidence obtained

pursuant to electronic surveillance, Magistrate Judge Scott ordered a hearing pursuant

to *Franks v. Delaware*, 438 U.S. 154 (1978). Dkt. #73. In addition, Magistrate Judge

Scott further ordered a hearing with respect to the defendants' assertion that the

recordings (tapes) obtained as a result of the eavesdrop warrants were not properly

(timely) sealed. *Id*. Finally, Magistrate Judge Scott ordered a hearing concerning the

suppression of evidence seized pursuant to a search of 39 Phyllis Avenue and 236

Pine Street. *Id*. The hearings ordered by Magistrate Judge Scott on March 16, 2011,

took place on April 28, 2011, March 7, 2012, May 15, 2012, July 5, 2012 and August

10, 2012. Dkt. ##84, 119, 124, 132 and 136. Thereafter, the parties filed post-hearing

memoranda of law. Dkt. ##144, 146, 147, 148, 152 and 154. This Decision and Order

will address defendant Eric J. Humphrey's non-dispositive motions. This Court's

Report, Recommendation and Order with respect to Eric J. Humphrey's motion to

suppress electronic evidence, as well as the dispositive and non-dispositive motions

filed by the other defendants, will be filed separately.

## DISCUSSION AND ANALYSIS

**Progress Reports**

By this request, defendant Eric Humphrey seeks the disclosure of progress reports submitted to the issuing judge relating to the electronic eavesdrop warrants.    Dkt. #60, ¶¶10-12.  Although in its response, the government does not specifically respond to defendant Humphrey's request for the disclosure of progress reports, the government does state that pursuant to voluntary discovery, the wiretap applications, affidavits, warrants, sealing orders, conversations, transcripts, line sheets and minimization instructions were disclosed.  Dkt. #61, ¶4.  In an Order filed February 18, 2011, Magistrate Judge Scott found, "[i]n connection with their application for a hearing, the defendants have requested production of ... the progress reports ... involved in this case.  The defendants have not demonstrated any nexus between the progress reports and the issue of necessity as presented to the judges issuing the warrants.  This request is denied."  Dkt. #68, p.5.  To the extent a further ruling is necessary, in accordance with the reasoning set forth in *United States v. Chimera*, 201 F.R.D. 72 (W.D.N.Y. 2001), defendant Eric Humphrey's request for the disclosure of progress reports is denied.

Pursuant to 18 U.S.C. § 2518(6), a judge who issues an intercept order in accordance with § 2518(1) may direct that reports "showing what progress has been made toward achievement of the authorized objective [of the order] and the need for continued interception" be provided. Such reports are to be filed with the judge "at such intervals as the judge may require." Id. The purpose of reports directed pursuant to § 2518(6) is "so that any possible abuses might

> be quickly detected and halted" by the court thereby
> furthering Congress' objective in enacting Title III of limiting
> the extent of court authorized intrusions on the privacy of
> oral communications. United States v. Kahn, 415 U.S. 143,
> 154–55, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974).

*Chimera*, 201 F.R.D. at 76.  Here, the electronic eavesdropping warrants at issue were issued by New York State Supreme Court Justices Michalski and Buscaglia.  The Court notes that New York State has a nearly identical provision to section 2518(6) insofar as it states, "[a]n eavesdropping or video surveillance warrant may require reports to be made to the issuing justice showing what progress has been made toward achievement of the authorized objective and the need for continued eavesdropping or video surveillance.  Such reports shall be made at such intervals as the justice may require." N.Y. Criminal Procedure Law § 700.50(1) (McKinney 2013).  The only statement by defendant Humphrey in support of his request for the disclosure of progress reports is that "upon information and belief progress reports were not produced to the issuing courts *in toto*."  Dkt. #60, ¶12.  Although each of the warrants at issue here provided the same language, "ORDERED, that the District Attorney or his agent shall submit progress reports to this Court, as the Court directs, showing what progress has been made toward achievement of authorized objectives of this warrant . . .," there is nothing in the record before this Court to suggest that such progress reports were ever requested by the issuing Justices.

**Sealing Orders**

By this request, defendant Humphrey seeks the disclosure of all the sealing orders issued with respect to the electronic surveillance warrants.  Dkt. #60,

¶13.  As noted above, in its response, the government noted that the sealing orders were previously disclosed.  Dkt. #61, ¶4.  The government indicated during the February 16, 2011 oral argument that to the extent any sealing orders had not been disclosed, they would be immediately disclosed.  Furthermore, the Court notes that the sealing orders and the timeliness of the sealing of intercepted conversations (tapes) is a matter that was the subject of an evidentiary hearing before Magistrate Judge Scott and is presently pending before the undersigned.  This Court's Report, Recommendation and Order with respect to defendants' motion to suppress for failure to properly seal will be forthcoming.

**Physical Surveillance Reports**

Citing *United States v. Lilla*, 699 F.2d 99 (2d Cir. 1983) and *United States v. Concepcion*, 579 F.3d 214 (2d Cir. 2009), defendant Eric J. Humphrey seeks the disclosure of any physical surveillance reports.  Dkt. #60, ¶¶14-16.  In its response, the government states that it "declines to provide those other materials requested in the motions as outside the purview of Rule 16."  Dkt. #61, ¶4.  Thereafter, in a footnote, the government specifically references defendant Eric Humphrey's request for physical surveillance reports.  Indeed, the government states that the case of *United States v. Concepcion*, cited by the defendant, provides "no support for defendant's proposition that physical surveillance reports are discoverable pursuant to Rule 16."  Dkt. #61, ¶4, n.3.  Following the February 16, 2011 oral argument, Magistrate Judge Scott ordered the disclosure of the surveillance reports up to the dates of the respective warrant

applications.  Dkt. #68, p.5.  By reason of the fact that defendants have sought

suppression of the wiretap evidence on the basis that, *inter alia*, necessity for electronic

surveillance had not been established, because traditional investigative techniques

such as physical surveillance had been successful (as evidenced by the disclosed

reports), and the fact that Buffalo Police Department Detective Pittorf testified at length

about specific instances of physical surveillance, defendant Eric Humphrey's request is

denied as moot.


**Expert Discovery**

By this request, defendant Eric Humphrey requests that the government

be ordered to comply with the requirements set forth in Rule 16 of the Federal Rules of

Criminal Procedure concerning the disclosure of a written summary of anticipated

expert testimony.  Dkt. #60, ¶¶17-18.  In its response, the government states, "[t]he

government will comply with defendants' requests for expert testimony pursuant to Rule

16(a)(1)(G) of witnesses who will testify under Rules 702, 703 and 705 F.R.E."  Dkt.

#61, ¶5.  Based on the government's response, defendant's request is denied as moot.


**Bill of Particulars**

In six separately lettered requests, defendant Eric Humphrey seeks

information concerning the conspiracy to possess with intent to distribute cocaine and

cocaine base charged in Count 1 of the Indictment.  Dkt. #60, ¶¶19(a)-(f).  In addition,

defendant Eric Humphrey seeks particularization with respect to the first forfeiture

allegation. More specifically, defendant Eric Humphrey requests that the government be required to state with particularity: the identity of each unindicted co-conspirator known to the government; the actions taken by each individual in furtherance of the charged conspiracy; the identity of each unknown co-conspirator and the actions taken in furtherance of the charged conspiracy; the exact location, substance and identity of participants in each alleged act undertaken in furtherance of the charged conspiracy; and, the date, time, location and substance of each act performed by Eric Humphrey which rendered any of the assets set forth in the Indictment to be subject to forfeiture. *Id*.

In its response to defendant Eric Humphrey's request for particularization of the conspiracy charge and the forfeiture allegation, the government asserts that,

> the volume of discovery provided thus far in this action provides an overall picture of each defendant's culpability and actions relative to the conspiracy and the combination of the wiretap applications, affidavits, warrants, sealing orders, search warrants and inventories and affidavits thereto, laboratory reports, two CDs containing all pertinent conversations, transcripts thereof, line sheets, and minimization instructions, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B).

Dkt. #61, ¶23. In addition, the government maintains that the particulars sought by defendant Eric Humphrey relate to the specific details of the conspiracy and that the government should not be required to furnish particulars relating to the formation of a conspiracy, including when and how it was formed and when a particular defendant joined, because such details need not be proven at trial. *Id*. at ¶29.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Superseding Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008). Accordingly, this Court concludes that the allegations in the Indictment, together with the representations made by counsel for the government concerning the

voluminous discovery previously provided to the defendant are more than sufficient and the demand for a bill of particulars is unwarranted. Accordingly, the defendant's request for a bill of particulars is denied.


**Rule 404(b), 608 and 609 Material**[1]

By this request, the defendant "respectfully requests that the government notify him of any evidence that the Government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence." Dkt. #60, ¶20. In addition, the defendant also requests access to all information pertaining to the character and/or conduct that may be used to impeach any witness the government intends to call. *Id*. at ¶21(a)-(t). In its response, the government states that,

> [d]efendant[] Eric J. Humphrey [ ] [has] requested specific instances of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), which it may use as impeachment material. The government will provide this information consistent with its disclosure of <u>Jencks</u> material. It is submitted that any hearings on the admissibility of such evidence is a matter for the District Court at the time of trial.

Dkt. #61, ¶12.


Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and

---

[1] The Court notes that defendant Eric Humphrey's motion refers to Rule 608 and 609 material only in the heading and not in the body of the motion itself.

further, that it understands its disclosure obligations, defendant's request is denied as

moot.  The Court notes that the issue of admissibility of such evidence pursuant to

Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination

of the trial judge at the time of trial.  Accordingly, the defendant's request for an Order

with respect to admissibility of such evidence is denied.  With respect to the balance of

defendant's request for impeachment material, based on the government's

representation concerning its intention to disclose the material consistent with its

disclosure of *Jencks* material, defendant Eric Humphrey's request is denied as moot.


**Preservation of Rough Notes and Other Evidence**

By this request, the defendant seeks an Order from this Court requiring

all government agents and officers who participated in this investigation to retain and

preserve all investigative notes generated during the investigation.  Dkt. #60, ¶22 and

¶¶227-229.  In its response, the government states,

> [r]egarding rough notes, no such basis exists at this time for
> providing the requested materials, if they exist.  The
> government will endeavor to maintain such materials, if they
> exist.  This in no way should be construed as any
> concession that said notes are subject to disclosure.

Dkt. #61, ¶8.


Although perhaps unnecessary, based on the representations made by

counsel for the government concerning its acknowledgment of its obligation and its

agreement to endeavor to maintain such materials, the express admonition of the Court

of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case.

**Rule 807**

By this request defendant Eric Humphrey seeks pretrial notice of the government's intention to proffer statements or evidence pursuant to the residual hearsay exception in Rule 807 of the Federal Rules of Evidence. Dkt. #60, ¶¶23-25. In its response, the government states that, "if the government intends to introduce such

evidence, the government will provide notice of its intention to rely upon such Rule at the time of its filing of its pretrial memorandum with the trial court." Dkt. #61, ¶31. Based on the representations made by the government, defendant Eric Humphrey's request for pre-trial notice is denied as moot.

**Hearsay Declarant Disclosure**

By this request, the defendant seeks, pursuant to *Brady*, the disclosure of information and/or evidence to impeach the credibility of any hearsay declarant whose declaration will be offered at trial. Dkt. #60, ¶¶26-27. Although the government does not specifically respond to this request, the government does respond to defendant Eric Humphrey's other requests for the disclosure of impeachment material and *Brady* material. Accordingly, based on the government's representations with respect to its obligations under *Brady* and *Giglio*, defendant's request is denied as moot.

**Motion for Severance**

By this request, defendant Eric Humphrey seeks severance from "any defendant against whom the prosecution will be allowed to introduce "other-act" evidence pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure." Dkt. #60, ¶29. In support of this request, defendant Eric Humphrey cites to *United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980) for the proposition that admission of 404(b) evidence against a co-defendant can serve as a basis for severance. A Decision and Order on defendant Eric Humphrey's motion to sever is left to the discretion of the

District Judge to whom this case is assigned, District Judge Richard J. Arcara. Similarly, issues relating to the admissibility of 404(b) evidence against a co-defendant is a matter left to the discretion of District Judge Richard J. Arcara as the trial judge.

**Exclusion of Statements of Non-Testifying Co-Conspirators**

Pursuant to *Bruton v. United States*, 391 U.S. 123 (1968) and the Sixth Amendment to the United States Constitution, the defendant requests that the Court preclude the admission into evidence of all post-arrest statements by non-testifying co-conspirators/co-defendants which may implicate the defendant in any way. Dkt. #60, ¶¶148-158. In support of this request, the defendant claims that, "because he has not received discovery of any post-arrest statements by co-conspirators or co-defendants, Mr. Humphrey cannot know whether the government will seek to use such evidence against him, or even if such statements exist." *Id*. at ¶151.

In its response, the government states that "[a]ll written and recorded statements of defendants have been provided or will be provided, as well as the substance of any oral statements made by each defendant before and after arrest in response to interrogation by any person known to the defendant to be a government agent." Dkt. #61, ¶4. Moreover, the government further states that it will disclose written statements of witnesses and investigative agency or police department memoranda of interviews of witnesses consistent with the provisions of Title 18, United States Code, Section 3500.

Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. As a result, defendant's request in this regard is denied. Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.

**Disclosure of Informant Information**

The defendant requests the disclosure of the identity of all informants possessing information which may be material to defendant's alleged guilt or innocence, the identity of all informants who were present at any of the events described in the Indictment and all government reports containing any information received from an informant. Dkt. #60, ¶¶159-179. In its response, the government states that it declines to provide the names and addresses of all potential witnesses at trial and contends that the defendant has failed to assert a basis to warrant compliance with such a request. Dkt. #61, ¶¶9-10. In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that

> [w]here the disclosure of an informant's
> identity, or of the contents of his
> communication, is relevant and helpful to the
> defense of an accused, or is essential to the
> fair determination of a cause, the [informant's]
> privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v.*

> *Lilla*, 699 F.2d at 105.  As this Court's recent opinion in
> *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes
> clear, it is not sufficient to show that the informant was a
> participant in and witness to the crime charged.  In *Jiminez*,
> the informant was both participant and witness, but the
> district court's refusal to order disclosure of his identity was
> upheld on the ground that the defendant had failed to show
> that the testimony of the informant "would have been of even
> marginal value to the defendant's case.  789 F.2d at 170."

*Id*. at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*,

522 U.S. 976 (1997).


In support of his request, the defendant argues that he is entitled to the

location and present whereabouts of any and all informants so that an investigation

may be made into the credibility and background of the informants prior to trial.  Dkt.

#60, ¶169.  In addition to the revelation of the identity, location and present

whereabouts of each informant, the defendant further asserts that he is entitled to

pretrial access to the prosecution witnesses.  *Id*. at ¶¶171-179.  As a threshold matter,

defendant Eric Humphrey recognizes that the general rule is that in non-capital cases

the accused has no constitutional right to require the production of the names and

addresses of prospective witnesses.  However, the defendant maintains that this rule is

"suffering from increasing erosion."  *Id*. at ¶172.  Lastly, the defendant offers the

standard, boilerplate reasoning offered in nearly every case in support of his request,

*i.e.*, "[t]he inherent unreliability of the testimony of an accomplice or government

informant underscores the need for complete disclosure of information relating to

credibility."  *Id*. at ¶179.  Without more, the Court finds that the defendant has failed to

sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Accordingly, defendant's request is denied without prejudice.

**Discovery**

As a threshold matter, the defendant acknowledges that the government has provided voluntary discovery, including wiretap affidavits. Dkt. #60, ¶180. By this request, however, the defendant "moves to compel discovery of all items or information to which the Defendant is entitled." *Id*. at ¶ 181. Moreover, the defendant specifies the following ten separately lettered requests: (a) records, including reports and/or logs, relating to the alleged conspiracy and the arrest of all co-conspirators; (b) all records, including reports and/or logs, regarding radio transmissions from the officers at any search warrant or arrest scene regarding the investigation; (c) reports relating to the booking process; (d) reports and/or test results relating to determination of drug quantity or type of drug; (e) photographs taken relating to investigation; (f) documents and photographs seized on the day of any searches; (g) inspection of all items seized from the defendant on the day of his arrest; (h) names and identities of expert witnesses, their qualifications, such of testimony, reports, results of tests, examinations or experiments; (i) any other search warrant, arrest warrant, wiretap order and/or surveillance order applied for and/or issued or denied during investigation; (j) written notification pursuant to Rule 12(d) of the Federal Rules of Criminal Procedure of any evidence on which the government intends to rely that may be the subject of a motion to suppress and to which the defendant is entitled to discovery pursuant to Rule 16. *Id*.

Additionally, defendant Humphrey seeks the disclosure of the statements of defendants, defendant's prior record, documents and tangible objects, intercepted communications, search and seizure evidence, identification evidence and *Jencks* Act material. *Id*. at ¶¶186-201.

In its response, the government states that pursuant to voluntary discovery and requests made by the defendants, it has disclosed, "the wiretap applications, affidavits, warrants, sealing orders, search warrants and inventories and affidavits thereto, laboratory reports, two CDs containing all pertinent conversations, transcripts thereof, line sheets, and minimization instructions, constituting all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete." Dkt. #61 ¶4.  In addition, the government states that all written and recorded statements of defendants have been provided or will be provided, as well as the substance of any oral statements.  *Id*.  The government further states that the results of physical and mental examinations and scientific tests and experiments were made available and that any further reports would be disclosed.  *Id*. at ¶5.  The government further stated that it would comply with the defendant's request for expert disclosures.  *Id*.  All tangible objects have been made available and the government further apprised the defendants that they can examine such material in the custody of the DEA.  *Id*. at ¶6.  The government has also agreed to disclose the conviction records at trial of all witnesses, as well as provide to each defendant a copy of his arrest record.  *Id*. at ¶7.  And finally,

the government agreed to disclose witness statements consistent with its obligations under the *Jencks* Act. *Id*. at ¶8. Based on the representations made by counsel for the government, defendant Eric Humphrey's motion for discovery is denied.

**Brady Material**

Within his broad request labeled "*Brady* Material," the defendant seeks the immediate disclosure of all exculpatory and/or impeachment material in the government's possession, custody and control. Specifically, the defendant seeks the following categories of documents, information and/or material tending to exonerate Eric Humphrey, evidence tending to impeach the credibility of any prospective government witness, written and oral statements made by any person, including co-defendants, with knowledge of the events charged in the Indictment, written or oral statements made by persons and/or co-defendants the government believes has information helpful to the defense, and name and address and the written or oral statements of any witness or co-defendant whom the government does not intend to call as a witness. Dkt. #60, ¶¶202-204. Thus, the Court will treat this request principally as one for *Brady* and *Giglio* material. In its response the government states,

> At the present time, the government is not in possession of any "exculpatory" material within the contemplation of <u>Brady</u>, but does acknowledge its continuing duty under Brady to produce such material, if and when it is aware of it. . . .
>
> The government agrees to provide impeachment <u>Brady</u> material, <u>i.e.</u>, promises of leniency or immunity agreements with government's witnesses, criminal records of prosecution witnesses, immoral, various or criminal acts committed by witnesses, and prior inconsistent statements no later than

one week prior to the commencement of trial, at which time
the government will produce the <u>Jencks Act</u> material.

Dkt. #61, ¶¶20-21.


"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated

to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.*

at 144. With respect to impeachment material that does not rise to the level of being

*Brady* material, such as *Jencks* statements, the prosecution is not required to disclose

and turn over such statements until after the witness has completed his/her direct

testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d

283 (2d Cir. 1987). However, if the government has adopted a policy of turning such

materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling

order to be issued by the trial judge.


Based on the representations made by counsel for the government as to

its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the

government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.

Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials

to the defendant.

**Witness Statements**

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500. Dkt. #60, ¶¶224-226. Specifically, the defendant requests the immediate disclosure of the witness statements, "but in no event not later than four weeks prior to the date of the trial." *Id*. With respect to defendant Eric Humphrey's request for *Jencks* Act material, the government states,

> [t]he government will disclose written statements of witnesses and investigative agency or police department memoranda of interviews with witnesses, as provided by Title 18, United States Code, Section 3500. The government declines to provide statements and the identities of all persons interviewed and not intended to be called by the government as outside the requirement of Title 18, United States Code, Section 3500 and Rule 16 of the Fed. R. Crim. P.

Dkt. #61, ¶8.

As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Production of Grand Jury Transcripts**

By this request, the defendant seeks an Order pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure for the disclosure of the transcripts of the testimony and all exhibits presented to the Grand Jury that indicted the defendant. Dkt. #60, ¶¶230-231. In support of his request, the defendant argues that he,

> is the subject of a bare bones Indictment that does not state any particular act or overt acts that he allegedly committed in the course of the conspiracy. Except for the names of law enforcement officers and others in various interception applications, Mr. Humphrey has no information as to who the witnesses against him will be. The particularized need justifying disclosure is so that Mr. Humphrey is informed of what evidence actually exists against him, and so he can intelligently make a decision as to his course of action.

Dkt. #60, ¶231.

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the

policy of secrecy." *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400

(1959).  The assertion of the defendant as to his "particularized need" is legally

insufficient to require disclosure of the grand jury proceedings as requested by him.  It

is pointed out that transcripts of grand jury testimony of witnesses called by the

government to testify at trial must be made available to the defendant pursuant to and

in accordance with the provision of 18 U.S.C.  § 3500.

> It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).  Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).  Therefore, defendant's request for

disclosure of the grand jury proceedings is denied.


**Voir Dire of Expert Witnesses**

> By this request, the defendant seeks an Order permitting his counsel to

conduct *voir dire* of any proposed government expert witness at trial outside the

presence of the jury.  Dkt. #60, ¶¶232-237.  In support of his request, the defendant

asserts that,

> [i]n the present case, complete discovery has not been
> received from the government, including the names of and
> summaries by the government's proposed experts, if any,

> pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Therefore, this motion is made so that if the government subsequently identifies any experts (such as to identify questioned substances), defense counsel may *voir dire* the expert outside the presence of the jury.

*Id*. at ¶236.

In its response, the government states, "the motion should be denied as premature without prejudice to renewal as a motion in limine for the trial court. At that point in time, each defendant will have full expert disclosure in sufficient detail for meaningful evaluation of the motion." Dkt. #61, ¶22. Insofar as the government appears to concede that it intends to rely on expert testimony and elsewhere in its response stated that it will comply with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence concerning pretrial disclosure of documents and information relating to those experts, any motion *in limine* concerning the credibility of the proposed government expert witness and the admissibility of any expert's testimony should be left to the discretion of the trial judge. Accordingly, defendant's motion concerning *voir dire* of an expert witness outside the presence of the jury is premature and is denied as moot.

**Audibility Hearing**

Defendant has requested an audibility hearing "to determine whether any recordings that the government seeks to introduce at trial are audible." Dkt. #60, ¶238. Notably, the defendant concedes that the government has not formally identified what

recordings it will introduce at trial. *Id*. Moreover, the defendant does not specifically identify any telephone conversations he believes to be inaudible. In its response, the government states that the defendant does not allege that any of the specific recordings are inaudible. Dkt. #61, ¶30.

It would appear that neither counsel for the defendant nor counsel for the government have advised the Court that after a review of the audiotapes or CDs that may be used at trial by the government, there are any actual audibility problems or issues with respect to such tapes or CDs. Therefore, the defendant's motion in this regard is denied without prejudice to the right to reapply for such relief after the tapes or CDs in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court. As part of this process, counsel for the government is hereby directed to identify those tapes or CDs that the government plans on using at the trial of the defendant and to have transcripts of those tapes or CD recordings prepared. Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes or CDs and respective transcripts to counsel for the defendant. Counsel for the defendant is hereby directed to review the aforesaid tapes or CDs and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid tapes or CDs and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed. Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes or CDs in question and the

correctness of the transcripts of such tapes or CDs.  Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

**Motion for Leave to Make Other Motions and Supplement Motions**

By these requests, the defendant, "respectfully moves the Court for an order allowing him to make further and additional motions, which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands." Dkt. #60, ¶240.  The defendant also separately asks to supplement the motions already filed.  Subject to the limitations contained in the aforesaid quotation, the defendant's request to make further and additional motions (or to supplement previously filed motions) that may be necessary is granted.

**Motion for Leave to Join in Motions Filed by Co-defendants**

The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #60, ¶247.  This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #61, ¶68. The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

**Notice Pursuant to Federal Rule of Evidence 807**

In addition to its reciprocal discovery demand, pursuant to Federal Rule of Evidence 807, the government seeks advance disclosure of any statements the defendant proposes to utilize at a trial of this matter. Dkt. #61, ¶¶69-70. Rule 807 of the Federal Rules of Evidence requires that in order for a statement to be admissible, the proponent give the adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address. Based on the notice requirements set forth in Federal Rule of Evidence 807, the government's request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order),**

**may result in the District Judge's refusal to consider the objection.**


DATED:      Buffalo, New York
              June 25, 2013


                                  *s/ H. Kenneth Schroeder, Jr.*
                                  **H. KENNETH SCHROEDER, JR.**
                                  **United States Magistrate Judge**