**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
────────────────────────────────

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                    **v.**                      **10-CR-00025A(Sr)**

**ERIC J. HUMPHREY, et al.,**

        **Defendants.**

────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the Hon. Hugh B. Scott by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #2.  Thereafter, Magistrate Judge Scott issued an Order of Recusal in the case as to all defendants (Dkt. #131) and Judge Arcara referred the case to the undersigned, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #133.

## PRELIMINARY STATEMENT

The defendants, Eric J. Humphrey, Charles M. Humphrey, Jr., James Humphrey, Jr., John E. Humphrey and Anthony Taylor are charged in a one-count indictment with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and to manufacture, possess with intent to distribute, and to distribute, 50 grams or more of cocaine base in violation of Title 21, United States Code, Section 846.  Dkt. #1.  The defendants each also face forfeiture allegations.  *Id*. Presently pending is defendant Eric Humphrey's motion to suppress the evidence

obtained pursuant to the electronic eavesdropping warrants because the tapes were not timely sealed.[1]  Dkt. #60.  Also pending is defendant Charles M. Humphrey, Jr.'s supplemental motion to suppress for failure to timely seal the tapes.  Dkt. #69.  The government filed responses to the instant motions.  Dkt. ##61, 70.  Oral argument was held before Magistrate Judge Hugh B. Scott on February 16, 2011 and March 16, 2011.

By their motions, defendants, Charles M. Humphrey, Jr. and Eric Humphrey, seek the suppression of the electronic eavesdrop evidence on the grounds that tapes obtained pursuant to the warrants issued for target telephones II (716-602-4307) and III (716-316-7503) were not timely sealed.  Dkt. ## 60 and 69.  Defendants Charles M. Humphrey, Jr. and Eric Humphrey each requested a hearing concerning the timeliness of the sealing and Magistrate Judge Scott agreed that a hearing was necessary.  Dkt. #73.  The hearing with respect to the timeliness of the sealing of the tapes obtained pursuant to the eavesdrop warrants was held on April 28, 2011 and March 7, 2012.  Dkt. ##84 and 119.

_____

[1] In addition, defendants Charles M. Humphrey, Jr., John E. Humphrey and Anthony Taylor also filed dispositive and non-dispositive motions.  *See* Dkt. ##50 (Charles Humphrey), 57 (John E. Humphrey), 69 (Charles Humphrey (supplemental motion)), and 113 (Anthony Taylor).  With respect to defendant Charles M. Humphrey, Jr.'s non-dispositive motions (Dkt. #50), this Court filed its Decision and Order on July 1, 2013.  Dkt. #162.  This Court's Report, Recommendation and Order with respect to defendant Charles M. Humphrey, Jr.'s motion to suppress (Dkt. #50) was filed on July 19, 2013.  Dkt. #169.  With respect to defendant John E. Humphrey's dispositive and non-dispostive motions (Dkt. #57), this Court filed its Report, Recommendation and Order (Dkt. #160) and Decision and Order (Dkt. #161) on July 1, 2013.  A Decision and Order on defendant Anthony Taylor's motion to join (Dkt. #113) will be filed shortly.

The government called United States Drug Enforcement Administration ("DEA") Special Agents Mark Crane and Brian Chella, DEA Task Force Officer Laura Pittorf and Assistant District Attorney Mary Beth DePasquale as witnesses during the hearing. Transcripts of these proceedings were filed on May 20, 2011 (Dkt. #84) and May 14, 2012 (Dkt. #119). Thereafter, the parties filed post-hearing memoranda of law. Dkt. ##146 and 148. This Report, Recommendation and Order will address the motions to suppress the electronic eavesdrop evidence for failure to timely seal filed by defendants Eric J. Humphrey and Charles M. Humphrey, Jr. Dkt. ##60 and 69.

## FACTS[2]

### The Warrants

#### Target Telephone II - (716) 602-4307

On October 27, 2009, an Application sworn to by Frank A. Sedita, III was presented to Justice Michalski for target telephone II, (716) 602-4307. The Application was supported by the Affidavit of DEA Task Force Officer Laura Pittorf sworn to on October 26, 2009. Cellular telephone 716-602-4307 (target telephone II) was subscribed to by Deon Sanders and used by Eric Humphrey. *See* Defendant's Exhs. 5 and 7. The Warrant issued by Justice Michalski on October 27, 2009 for 716-602-4307 (target telephone II) provided that the warrant shall be effective October 28, 2009 at 4:00 p.m. for a period of thirty days from the effective date or "until sufficient evidence

---

[2] The facts herein are taken from the testimony and exhibits admitted into evidence during the hearings held on April 28, 2011 and March 7, 2012, as well as the pleadings herein. References to those hearings will be designated as T, followed by the appropriate page number(s) or Government Exhibit followed by the exhibit number.

to prove the extent of a narcotics distribution enterprise and the identities of all participants therein is gained, whichever occurs first." A period of thirty days from the effective date of October 28, 2009 at 4:00 p.m. would have expired on November 26, 2009 at 4:00 p.m.

On November 24, 2009, an Application sworn to by Frank A. Sedita, III and an Affidavit of Task Force Officer Pittorf sworn to on November 24, 2009 (Defendant's Exh. 13) were presented to Justice Michalski seeking an extension of the eavesdropping warrant issued for target telephone II (716) 602-4307. Justice Michalski issued the warrant extending the previous authorization to intercept or access voice communications, including voice communications, text messaging, photographic transmissions and other data transmissions for an additional period of thirty days or until sufficient evidence to prove the extent of a narcotics distribution enterprise and the identities of all the participants is gained, whichever occurs first. The warrant further provided that the date of effectiveness of the warrant shall be November 26, 2009, however, the extension warrant did not provide a time on November 26, 2009 that the warrant shall be effective. A period of thirty days from the continuation date of November 26, 2009 would have been December 25, 2009. According to an affidavit submitted by counsel for the government in response to the instant motions, interception pursuant to that warrant terminated on December 24, 2009. Dkt. #70, ¶3.

On January 4, 2010, a Sealing Order was signed by Justice Michalski sealing the recordings of communications intercepted pursuant to "Eavesdropping

-4-

Warrant Extension effective on the 24th day of November, 2009, by the HON. JOHN L. MICHALSKI, J.S.C." Dkt. #69-1, pp.8-9.  As a threshold matter, the Court notes that the Sealing Order incorrectly states that the warrant extension was effective November 24, 2009, when the actual warrant extension signed by Justice Michalski clearly states that the warrant extension was effective November 26, 2009.  The Sealing Order further stated,

> ORDERED, that the said recordings consisting of one (1) DVD audio disk sealed in one (1) evidence envelope for an eavesdropping device on telephone number (716) 602-4307, the recording of which commenced on November 24, 2009, and terminated pursuant to this warrant on December 23, 2009, shall be and the same hereby are sealed . . .

Dkt. #69-1, pp.8-9.  The Court further notes that according to the Sealing Order itself, signed January 4, 2010, it only sealed the one DVD associated with the extension warrant from November 26, 2009 to on or about December 25, 2009 and not the recordings obtained pursuant to the original warrant which was effective beginning October 28, 2009 at 4:00 p.m.  An Amended Sealing Order signed by Justice Michalski on November 17, 2010, purports to clarify that notwithstanding what the face of the January 4, 2010 Sealing Order stated, in fact, Justice Michalski sealed three DVD audio disks in one envelope on January 4, 2010 and that the conversations intercepted pursuant to the original warrant effective October 28, 2009 were also sealed on January 4, 2010, along with the DVD containing the conversations intercepted pursuant to the extension warrant effective November 26, 2009.

**Target Telephone III - (716) 316-7503**

On November 18, 2009, an Application of Frank A. Sedita, III sworn to on November 17, 2009 and an Affidavit of SA Hill sworn to on November 17, 2009 were presented to Justice Buscaglia seeking authorization for interception over telephone number (716) 316-7503 (target telephone III) subscribed to and used by Charles Humphrey. The Warrant signed by Justice Buscaglia on November 18, 2009, provided authority to intercept or access telephonic communications, including voice communications, text messaging, push-to-talk (PTT), photographic transmissions and other data transmissions for a period of thirty days from the effective date or until sufficient evidence to prove the extent of a narcotics distribution enterprise and the identities of all the particulars therein is gained whichever is first. As provided in the warrant, the effective date of the warrant was November 19, 2009, there was no time associated with the effective date. A period of thirty days from November 19, 2009 would have expired on December 18, 2009.

On December 29, 2009, Justice Thomas P. Franczyk signed a Sealing Order relating to target telephone III, (716) 316-7503. The Sealing Order provided that it was sealing the recordings of communications intercepted pursuant to an "Eavesdropping Warrant Extension effective on the 18th day of November, 2009, by the HON. RUSSELL P. BUSCAGLIA, J.S.C." Notwithstanding the foregoing, the warrant that was signed by Justice Buscaglia on November 18, 2009 was to be effective on November 19, 2009 and was not an extension of a prior warrant.

**The Hearing Testimony**

SA Brian Chella testified that the interceptions pursuant to the two eavesdrop warrants at issue here were being effected in Buffalo, New York and that master recordings were maintained in New York City. Dkt. #84, p.94. With respect to the procedure whereby an eavesdrop warrant issued by a State Supreme Court Justice in Buffalo, New York would be intercepted or maintained in New York City, SA Chella explained, "they have the computer software that actually intercepts, captures the calls on the telephone and at the same time we're monitoring those calls in Buffalo." *Id*. SA Chella further testified that "[w]hen the wire is terminated or when it's down, we make contact with our DEA response group in New York. Then it's their responsibility to get the discs from the wire room, put them in a FedEx package, and send them to – in this case – me." *Id*. at p.98. SA Chella recalled that with respect to the eavesdrop warrants at issue here, he made contact with SA Mark Crane.[3]

With respect to the eavesdrop warrant for (716) 316-7503 (target telephone III) subscribed to and used by Charles Humphrey, SA Chella testified that the eavesdrop warrant terminated at midnight on Friday, December 18, 2009. *Id*. at p.99. SA Chella testified that after the December 18, 2009 termination of the eavesdrop

---

[3] SA Crane testified that at all times relevant to this matter, his duty station was the New York Field Office Division and that he was assigned to group D32. More specifically, group D32 is designated as the response group for the DEA in Buffalo. According to SA Crane, a response group means, "if the Buffalo Office establishes a lead that leads to the New York City area, they will contact us; if DEA Buffalo needs any type of assistance from New York City, they will generally reach out for us to help them with their investigations." Dkt. #84, p.8.

warrant for (716) 316-7503, he requested that the discs be transmitted to Buffalo, New York. *Id*. Specifically, SA Chella testified, "I don't recall the exact date, but I did make contact with – I believe it was Mark Crane – and asked him to obtain the discs and send them to me in Buffalo via FedEx." *Id*. During his testimony, SA Crane explained that on December 23, 2009, he was requested to provide wiretap data from the New York City Field Office to the Buffalo Resident Office. Dkt. #84, p.8. SA Crane then described the procedure for retrieving wiretap data as follows, "[g]enerally what happens is someone from the DEA Buffalo will contact my boss, and my boss will usually in turn let me know that they have wired that [wire data] information that needs to be shipped to the Buffalo Office." *Id*. at p.9. SA Crane further explained that when a Title III goes down or expires, an agent is asked to remove the disc from the recording device and then seal the disc in a cassette case, and then, in this case, ship it off to Buffalo. *Id*. at p.10. More specifically, SA Crane stated that the CD drives are located on the 7th floor of the New York Field Division in a locked area and that the "technical people" only have access to that area. *Id*. Accompanied by "a technical person" an agent will be admitted into the locked area, the technical person will eject the CD from one of the drives and the agent will physically remove it, put it in the CD case and seal it. *Id*. at p.11. In addition, SA Crane testified that he always sends the discs via FedEx overnight to Buffalo. *Id*. at p.13. And in this instance, SA Crane indicated that he would have sent them to SA Chella's attention in Buffalo. *Id*.

SA Chella testified that he received the discs on December 28, 2009.[4]

Dkt. #84, pp.100 and 103.  SA Chella further testified that once he received the discs

on December 28, 2009, he maintained custody of the discs, put them in an evidence

bag, processed them as evidence and transferred them to Task Force Officer Pittorf on

December 29, 2009.  *Id*. at pp.100-101.  SA Chella testified that he did not participate

at all in the judicial sealing of the disc.  *Id*. at p.101.  However, after the disc was

sealed, it was returned to him with a sealing order attached and was submitted to the

non-drug evidence vault for safekeeping.  *Id*. at p.104.


Task Force Officer Pittorf testified that with respect to (716) 316-7503

(target telephone III), after receiving a disc from SA Chella on or before December 29,

2009, she placed the disc in a DEA evidence bag, she contacted Assistant District

Attorney Mary Beth DePasquale concerning the disc and together she and ADA

DePasquale went before Justice Franczyk and presented the evidence bag containing

the disc to Justice Franczyk.  Dkt. #84, p.58.  At that time, Task Force Officer Pittorf

testified that she sealed the bag in front of Justice Franczyk and thereafter, Justice

Franczyk and Task Force Officer Pittorf initialed the sealed bag.  *Id*. at pp.58-59.  Task

_____

[4] SA Chella testified that he did not know whether the disc was received in
Buffalo on December 24, 2009 (Christmas Eve), nor did he know whether he worked on
December 24, 2009.  With respect to the procedures in the Buffalo Office when a
FedEx package is delivered, SA Chella explained, "with a FedEx packaged [sic]
addressed to me specifically, it would be obtained, I'm assuming, by someone in the
front office and then placed in my mailbox."  Dkt. #84, pp.102-103.  In response to the
question whether anyone else has access to FedEx packages placed in his mailbox, SA
Chella replied, "No."  *Id*. at p.103.

Force Officer Pittorf further testified that she did not make any alterations, additions or subtractions from the disc. *Id*. at p.60.

With respect to the eavesdrop warrant issued for (716) 602-4307 (target telephone II), SA Chella testified that interception terminated on December 24, 2009, following a thirty (30) day extension. Dkt #84, pp.105-106. SA Crane testified that on December 29, 2009, he was again requested to retrieve additional wiretap material relative to the Buffalo investigation. Dkt. #84, p.13. SA Crane testified that he sent out multiple discs to SA Chella on December 29, 2009. *Id*. at p.15. SA Chella also testified that he understood that SA Crane followed the same procedure to obtain the discs and send it to Buffalo via FedEx. Dkt. #84, p.107. SA Chella testified that he received the discs on January 4, 2010 and he maintained custody of the discs until they were transferred to Task Force Officer Pittorf and sealed by Justice Michalski. *Id*. at p.108. Task Force Officer Pittorf testified that she received the discs from SA Chella on January 4, 2010 and presented them for sealing to Justice Michalski on that same date.

Finally, SA Chella testified that to the best of his recollection, there was a need for an Amended Sealing Order because of a typographical error in the original Sealing Order concerning the number of discs in the bag. Dkt. #84, p.110.

## DISCUSSION AND ANALYSIS

Title 18, United States Code, Section 2518(8)(a) provides as follows:

Immediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions.

Although Title 18, United States Code, Section 2518(8)(a) contemplates that sealing will be done by the issuing judge, the Second Circuit has allowed the sealing to be done by another judge. *United States v. Nersesian*, 824 F.2d 1294, 1306 (2d. Cir. 1987). The term "immediately" has been given a liberal interpretation by the Court of Appeals for the Second Circuit for purposes of determining issues related to claims of untimely sealing of tapes as evidenced by the following:

This Court has held that a sealing "within one or two days" will normally be deemed immediate within the meaning of § 2518(8)(a), *United States v. Maldonado-Rivera,* 922 F.2d 934, 949 (2d Cir. 1990) (quoting *United States v. Vasquez*, 605 F.2d 1269, 1278 (2d Cir. 1979); *cert. denied*, 444 U.S. 981, 100 S.Ct. 484, 62 L.Ed.2d 408 (1979), 444 U.S. 1019, 100 S.Ct. 2811, 115 L.Ed.2d 984, 501 U.S. 1233, 111 S.Ct. 2858, 115 L.Ed.2d 1025 (1991) and that longer delays require suppression "unless the government furnishes an explanation for the delay that is 'satisfactory' within the meaning of the statute." *Id.*, *see supra* note 5. Where the delay is between two and five days, we have indicated that the government should submit with the tapes an *in camera* explanation for the delay, *see United States v. Massino*, 784 F.2d 153, 158 (2d Cir. 1986), although an explanation submitted at the time of a defendant's motion to suppress will be considered. *See United States v. Pitera*, 5 F.3d 624, 627 (2d Cir. 1993), *cert. denied*, 510 U.S. 1131, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994).

We have recognized that weekends and holidays present legitimate obstacles to the sealing of tapes. *See, e.g., United States v. Gallo*, 863 F.2d 185, 193 (2d Cir. 1988),

> *cert. denied*, 489 U.S. 1083, 109 S.Ct. 1539, 103 L.Ed.2d
> 843 (1989); *United States v. McGrath*, 622 F.2d 36, 42-43
> (2d Cir. 1980).

*United States v. Wong*, 40 F.3d 1347, 1375 (2d Cir. 1994).


Where, as here, on two occasions the government's presentation for judicial sealing was not immediate, the defendant's motion for suppression of the tapes must be granted unless the government's explanation for the delay in presentation is satisfactory. *United States v. Gallo,* 863 F.2d 185, 193 (2d Cir. 1988), *cert. denied*, 484 U.S. 1083 (1989); *United States v. Rodriguez*, 786 F.2d 472, 477 (2d Cir. 1986); *United States v. Gigante*, 538 F.2d 502 (2d Cir. 1976). Although one purpose of the statute is to ensure the accuracy of the recordings, and the possibility of tampering may affect the acceptability of the government's explanation, the fact that there is no evidence that the tapes have been tampered with or that the delay caused the defendant any other prejudice does not relieve the government of its burden to present a satisfactory explanation. *Rodriguez*, 786 F.2d at 477.

> When the government has offered an explanation for the
> delay, the factors considered in assessing the acceptability
> of the explanation have included the length of the delay, *see*
> *United States v. Massino*, 784 F.2d at 158; *United States v.*
> *McGrath*, 622 F.2d at 42–43; *United States v. Vasquez*, 605
> F.2d at 1278–80; *United States v. Scafidi*, 564 F.2d at 641;
> the amount of time needed to prepare the tapes for sealing,
> *see United States v. McGrath*, 622 F.2d at 42–43; *United*
> *States v. Vasquez*, 605 F.2d at 1279; the diligence of law
> enforcement personnel in performing the necessary
> pre-presentment tasks, *see id.* at 1279; the foreseeability
> and urgency of circumstances diverting the attention and
> energies of those responsible for the presentation of the
> tapes to other matters, *see United States v. Massino*, 784

F.2d at 158; evidence of any tampering with the tapes or of any other prejudice to the defendants, *see United States v. McGrath*, 622 F.2d at 42–43; *United States v. Poeta*, 455 F.2d at 122; and any evidence of bad faith on the part of law enforcement agencies, such as "any intent to evade statutory sealing requirements or to gain any tactical advantage," *see United States v. Scafidi*, 564 F.2d at 641; *United States v. Vasquez*, 605 F.2d at 1279.

In most cases when (1) the government has advanced reasons for the delay, such as the need to perform administrative tasks relating to the tapes prior to sealing, (2) there is no basis for inferring that the government sought by means of the delay to gain a tactical advantage over the defendant or that it had any other improper motive, and (3) there has been no showing that there has been tampering with the tapes or that the defendant has suffered any other prejudice as a result of the delay, the government's explanation has been accepted as satisfactory. This has been so even when the delay occurred because those conducting the wiretap have, without having the benefit of judicial interpretation of the statute, misconceived the requirements of the statute. Thus, in *United States v. Poeta*, 455 F.2d 117, the presentation for judicial sealing was delayed for 13 days because the prosecutor incorrectly believed, on the basis of a state statutory provision, that the presentation had to be made to the judge who had issued the wiretap authorization, and that judge was away on vacation. We accepted the government's explanation as satisfactory in the absence of any suggestion of bad faith by the government or prejudice to the defendants. *Id*. at 122; *see also United States v. Fury*, 554 F.2d at 533 (explanation that six-day delay occurred because issuing judge was on vacation accepted as satisfactory in absence of bad faith or prejudice to defendants). Once the caselaw has established that a given factor is not a valid reason to delay presentation of the tapes for sealing, however, an explanation that the delay was caused by that factor is likely to be rejected as unsatisfactory. *See United States v. Vasquez*, 605 F.2d at 1280 n. 25 (government's statement that issuing judge was unavailable for several days deemed irrelevant in light of *Poeta* and *Fury* ).

*Rodriguez*, 786 F.2d at 477-478.

-13-

Here, defendants argue that the disc(s) containing the intercepted communications over 716-316-7503 (target telephone III) was sealed eleven (11) days after the eavesdrop warrant expired. Defendants further argue that with respect to the disc(s) containing the intercepted communications over 716-603-4307 (target telephone II), those disc(s) were sealed twelve (12) days after the eavesdrop warrant expired. The government contends that in each instance, the disc(s) were sealed ten (10) days after the warrants expired.

**Target Telephone III 716-316-7503**

With respect to the eavesdrop warrant relating to 716-316-7503 (target telephone III), the warrant provided that it was effective on November 19, 2009, but failed to specify a time on November 19, 2009 when it was to be effective. The testimony at the hearing was that the eavesdrop warrant terminated at midnight on Friday, December 18, 2009. Dkt. #84, p.101. For purposes of considering the timeliness of sealing of the eavesdrop warrant relating to 716-316-7503, the Court will treat the warrant as terminating as of 12:00:00 a.m. on Friday, December 18, 2009. The discs were not sealed until December 29, 2009, eleven days later. In fact, SA Crane testified that he was requested to retrieve the discs on December 23, 2009 and SA Chella could not recall when he made the request of SA Crane.[5]

---

[5] Although the government's initial response suggests that SA Chella requested the discs to be retrieved on December 21, 2009 (Dkt. #70, ¶11), his testimony at the evidentiary hearing was that he could not recall when he made the request, but "[i]t would have had to have been that Monday, but to the best of my knowledge, I don't have the exact date." Dkt. #84, p.101.

The further testimony was that the discs were retrieved and sent via Federal Express to Buffalo on December 23, 2009 for delivery on December 24, 2009. SA Chella testified that he did not retrieve the discs until Monday, December 28, 2009 and the discs were not sealed until December 29, 2009. The Court acknowledges that December 25, 2009 was a holiday, however, contrary to the government's position, the government offers no explanation for the delays in sealing the discs. Rather, the government states that no alterations were possible and in conclusory fashion, "submits that the integrity of the recordings was satisfactorily protected in that the explanation provided herein reasonably explains any delays in the formal sealing or resealing by the Courts." Dkt. #70, ¶13.

As a threshold matter, the Court notes that, taken together, the hearing testimony and the response submitted by the government only offer the Court a timeline of dates and not an explanation of what caused the delay in sealing. Based on the testimony at the evidentiary hearing and the warrant itself, it is the Court's conclusion that the warrant terminated at 12:00:00 a.m. on December 18, 2009 (and not 11:59 p.m. on December 18, 2009 as the government maintains), therefore, the government (DEA Agents) would have had all day on the 18th to request assistance from the New York Field Office to retrieve the discs. Even assuming that the warrant terminated at 11:59 p.m. on December 18, 2009 (thereby eliminating all day on the 18th to request assistance from the New York Field Office to retrieve the discs), there is still no explanation offered for the delay to December 23, 2009 to retrieve the discs. Moreover, the government simply glosses over the fact that given the inexplicable delay in the

actual retrieval, the discs were not sealed on the date of delivery in Buffalo, New York, December 24, 2009. Rather, several additional days passed before the discs were presented to Justice Franczyk for sealing on December 29, 2009.

The applicable case law and this Court's precedent is unmistakably clear, "where the delay is between two and five days, we have indicated that the government should submit with the tapes an *in camera* explanation for the delay, although an explanation submitted at the time of the defendant's motion to suppress will be considered." *United States v. Wong*, 40 F.3d 1347, 1375 (2d Cir. 1994) (internal citations omitted); *see also United States v. Hill*, 10-CR-191, Dkt. #433. Here, there is nothing in the record to suggest that any sort of explanation was even contemplated by Task Force Officer Pittorf, ADA DePasquale or Justice Franczyk at the time the discs were presented for sealing. More troubling, however, is the fact that given the opportunity to offer and the expectation for an explanation for the delay, the government offers nothing and relies simply on the fact that the Court will account for the Christmas Day holiday, the intervening weekends and assume that the delays were perhaps attributable to mailing and unavailability of SA Chella.

> It is well settled in this Circuit that suppression is not automatically warranted when sealing is not immediate; rather suppression is required when the government cannot satisfactorily explain the delay.

*United States v. Gallo*, 863 F.2d 185, 193 (2d Cir. 1988), cert. denied, 484 U.S. 1083 (1989). Absent any explanation from the government for the delay and despite the

repeated mantra that the discs could not have been tampered with, this Court concludes that the only appropriate remedy is the suppression of the electronic communications intercepted pursuant to the eavesdropping warrant for 716-316-7503 (target telephone III).

**Target Telephone II - (716) 602-4307**

With respect to the warrant issued by Justice Michalski on October 27, 2009 for 716-602-4307 (target telephone II), the warrant provided that it shall be effective October 28, 2009 at 4:00 p.m. A period of thirty days from the effective date of October 28, 2009 at 4:00 p.m. would have expired on November 26, 2009 at 4:00 p.m. On November 24, 2009, Justice Michalski authorized an extension of the eavesdropping warrant issued for target telephone II (716) 602-4307. The extension warrant further provided that the date of effectiveness shall be November 26, 2009, but it did not provide a time on November 26, 2009 that the warrant shall be effective. A period of thirty days from the continuation date of November 26, 2009 would have been December 25, 2009 and for purposes of considering the timeliness of the sealing, the Court concludes that the extension warrant terminated at 4:00 p.m. According to an affidavit submitted by counsel for the government and the testimony at the hearing, however, the DEA believed that interception terminated at 11:59 p.m. on December 24, 2009. Dkt. #70, ¶3; Dkt. #119, p.59.

On January 4, 2010, a Sealing Order was signed by Justice Michalski sealing the recordings of communications intercepted pursuant to "Eavesdropping

Warrant Extension effective on the 24th day of November, 2009, by the HON. JOHN L. MICHALSKI, J.S.C." Dkt. #69-1, pp.8-9. As noted above, the Sealing Order incorrectly stated that the warrant extension was effective November 24, 2009 and stated it only sealed those intercepted conversations intercepted pursuant to the extension warrant and not the original warrant as well. An Amended Sealing Order signed by Justice Michalski on November 17, 2010, purports to clarify that notwithstanding what the face of the January 4, 2010 Sealing Order stated, in fact, Justice Michalski sealed three DVD audio disks in one envelope on January 4, 2010 and that the conversations intercepted pursuant to the original warrant effective October 28, 2009 were also sealed on January 4, 2010, along with the DVD containing the conversations intercepted pursuant to the extension warrant effective November 26, 2009.

SA Crane testified that he was requested to retrieve additional wiretap materials on December 29, 2009. Dkt. #84, p.13. According to SA Crane, he followed the identical procedure he followed with the earlier wiretap described above, and sent the discs to Buffalo via Federal Express, for delivery on December 30, 2009. *Id*. at p.14. Notwithstanding the foregoing, SA Chella testified that he did not "acquire" the discs until January 4, 2010, the same day Task Force Officer Pittorf presented the discs to Justice Michalski for sealing. Dkt. #84, pp.62 and108. There is nothing in the record to suggest that the discs were not delivered on December 30, 2009 as expected. Nor is there any evidence that could be construed as an explanation for the delay to January 4, 2010 for SA Chella to "acquire" the discs. As with the other eavesdrop warrant discussed above, the government makes no effort to offer an explanation for the delay

in sealing, but rather, offers the fact that each of its witnesses testified that no alterations could have been made to the discs as consolation that there could have been no prejudice by the delay in sealing. Moreover, the government does not even attempt to offer an explanation, and instead, relies on the dates, the intervening weekends and New Year's Day holiday to account for the delay. For the reasons explained above, it is not a satisfactory explanation so as to avoid suppression. Accordingly, this Court concludes that the only appropriate remedy is the suppression of the electronic communications intercepted pursuant to the eavesdropping warrant for 716-602-4307 (target telephone II).

## CONCLUSION

For the foregoing reasons, it is recommended that the motions of Eric J. Humphrey and Charles M. Humphrey (Dkt. ## 60 and 69) seeking suppression of the electronic eavesdrop evidence on the grounds that tapes obtained pursuant to the warrants issued for target telephones II (716-602-4307) and III (716-316-7503) were not timely sealed be granted.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

-20-

and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           August 9, 2013

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**