UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                v.                        DECISION AND ORDER
                                              10-CR–25

ERIC HUMPHREY, et al.

                Defendants.

---

## INTRODUCTION

Defendants Eric Humphrey, Charles M. Humphrey, Jr., James Humphrey, John E. Humphrey and Anthony Taylor were charged in a one-count indictment with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and to manufacture, possess with intent to distribute, and to distribute, 50 grams of cocaine base in violation of Title 21, United States Code, Section 846.  Magistrate Judge Hugh B. Scott was originally assigned to oversee pre-trial proceedings in this matter, but issued an order of recusal with respect to all defendants on September 10, 2012.  (Dkt. No. 131)  The case was then referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. §636(b)(1)(A).

Presently before this Court are the following: (1) defendants' objections to Magistrate Judge Schroeder's Report and Recommendation recommending denial of defendants' motion for suppression of electronic eavesdrop evidence

based upon failure to meet the necessity requirement; (2) the Government's objections to Magistrate Judge Schroeder's Report and Recommendation recommending granting of defendants' motion for suppression of electronic eavesdrop evidence for failure to timely seal; and (3) defendants' appeal from Magistrate Judge Schroeder's Decision and Order addressing various discovery issues and other non-dispositive motions.

For the following reasons, the Court adopts Magistrate Judge Schroeder's findings in their entirety.

## **DISCUSSION**

*Defendants' Objections to Magistrate Judge Schroeder's Report and Recommendation regarding motion to suppress electronic eavesdrop evidence for failure to meet the necessity requirement.*

Defendant Charles Humphrey moved to suppress electronic eavesdrop evidence on the grounds that the affidavits submitted in support of the eavesdrop warrants failed to establish a necessity for electronic surveillance and contained alleged material, factual omissions and/or misrepresentations. Following a *Franks* hearing, Magistrate Judge Schroeder issued a Report and Recommendation recommending denial of the motion to suppress. (Dkt. No. 169) Defendant Charles Humphrey filed objections, which were then joined by the other defendants. The Government responded, and defendants were given an opportunity to reply. Oral argument on the objections was held on April 10, 2014, and the Court considered the matter submitted. Pursuant to 28 U.S.C.

§636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.

The Second Circuit has held that a reviewing court's role in evaluating the issuance of a wiretap order is "not to make a *de novo* determination of the sufficiency of the application, but to decide if the facts set forth in the application were minimally adequate to support the determination that was made." *United States v. Diaz*, 176 F.3d 52, 109 (2d. Cir. 2011). Defendants argue that Magistrate Judge Schroeder erred in affording deference to the issuing justices' determinations, rather than using a *de novo* standard of review, because there were material misrepresentations or omissions of material fact in the warrant applications. Defendants claim that the applications contained material misrepresentations in that they failed to specifically inform the issuing justice that each pertinent location was located on the East Side of Buffalo, and failed to state that the cooperating source was a paid informant.

The Court finds that Magistrate Judge Schroeder did not use an incorrect standard of review. The Magistrate Judge concluded that the language in the supporting affidavits was clear that the suspect activity took place principally on the East Side of Buffalo. Therefore this was neither a material misrepresentation nor omission of material fact. During the *Franks* hearing, one of the officers admitted that her affidavit failed to specify that the informant or confidential source used was a paid informant. This again is not a material omission or

3

misrepresentation that would affect the sufficiency of the underlying affidavit. Because the Magistrate Judge concluded, and this Court agrees, that the supporting affidavits did not contain deliberately false or misleading information, there was no error in affording deference to the issuing justices' determinations with respect to the wiretap applications.

Moreover, the Court finds that even if it were to conduct a searching review of the sufficiency of the affidavits, there has been no showing by defendants that the supporting documents failed to satisfy the necessity requirement. As recognized by Magistrate Judge Schroeder, although some boilerplate language was used in one of the affidavits, the affidavits submitted in support of the eavesdrop applications detailed the physical surveillance that had taken place, as well as the limitations of physical surveillance with respect to the investigation of defendants. The supporting affidavits also gave a detailed accounting of the other investigative techniques used including informants, consensually recorded conversations, controlled purchases, real property and license plate searches and analysis of toll records. The Court is in agreement with Magistrate Judge Schroeder that the information provided in the lengthy and detailed affidavits was sufficient to meet the necessity requirement. *See United States v. Torres*, 901 F.2d 205, 232 (2d. Cir. 1990) (affidavit demonstrated that "the Torres organization was a large scale operation which could not be adequately surveilled by traditional investigative method"). The Court also finds that there is no merit to

4

defendants' argument that the Government should have considered use of an undercover operation or further controlled buys.  *See United States v. Conception*, 579 F.3d 214 (2d. Cir. 2009) ("The Government is not required to exhaust all conceivable investigative techniques before resorting to electronic surveillance.")

   For these reasons, and for the reasons set forth by Magistrate Judge Schroeder in his Report and Recommendation, defendants' motion to suppress electronic eavesdrop evidence on the grounds that the necessity requirement was not met is denied.

> *The Government's Objections to Magistrate Judge Schroeder's Report and Recommendation regarding motion to suppress electronic eavesdrop evidence for failure to timely seal.*

   Defendants Eric and Charles Humphrey moved to suppress evidence obtained pursuant to the eavesdrop warrants on the grounds that the tapes were not timely sealed.  A hearing was held with respect to the timeliness of sealing of the tapes, during which DEA Special Agents Mark Crane and Brian Chella, Assistant ADA Mary Beth DePasquale, and DEA Task Force Agent Laura Pittorf provided testimony.  Magistrate Judge Schroeder issued a Report and Recommendation recommending suppression of electronic eavesdrop evidence for failure to timely seal.  (Dkt. No. 177)  The Government filed objections to the Magistrate Judge's Report and Recommendation.  Defendant Eric Humphrey responded, the remaining defendants joined his response, and the Government

was given the opportunity to reply. Oral argument on the objections was held on April 10, 2014, and the Court considered the matter submitted.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon *de novo* review, and after reviewing the submissions from the parties and hearing oral argument, the Court hereby adopts Magistrate Judge Schroeder's findings in their entirety. Accordingly, for the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation, defendants' motion to suppress electronic eavesdrop evidence for failure to timely seal is granted.

*Defendants' Appeal of Magistrate Judge Schroeder's Decision and Order.*

On June 26, 2013, Magistrate Judge Schroeder issued a Decision and Order with respect to a number of discovery issues and other non-dispositive motions. (Dkt. No. 159) Defendants filed a joint appeal of Magistrate Judge Schroeder's denial of the request for disclosure of the names of confidential informants, denial of the request for a bill of particulars, denial of the request for production of Rule 404(b) material, and denial of the request for disclosure of the grand jury minutes. The Government filed a response, defendants were given an opportunity to reply, and the Court considered the matter submitted.

Pursuant to 28 U.S.C. §636(b)(1)(A), the district court "may reconsider any pretrial matter under this subparagraph (A), where it has been shown that the

magistrate's order is "clearly erroneous or contrary to law." Here, there has been no showing that Magistrate Judge Schroeder's determinations as to the above referenced requests were clearly erroneous or contrary to law. Therefore, defendants' appeal is denied.

## Conclusion

For the foregoing reasons, and for the reasons cited by Magistrate Judge Schroeder in his Report and Recommendations (Dkt. Nos. 169 and 177), defendants' motion to suppress electronic eavesdrop evidence for failure to satisfy the necessity requirement is denied, however defendants' motion to suppress electronic eavesdrop evidence for failure to timely seal is granted. Magistrate Judge Schroeder's June 26, 2013 Decision and Order is affirmed in its entirety. (Dkt. No. 159)

The parties are instructed to appear on May 9, 2014 at 12:30 p.m. for a status conference and/or meeting to set a trial date.

SO ORDERED.

\_\_\_\_*Richard J. Arcara*_____
 HONORABLE RICHARD J. ARCARA
 UNITED STATES DISTRICT COURT

Dated:  May 8, 2014